STATE v. TOBE NORWOOD, ELI JONES AND GREEN POWELL.

*Indictment— Gaming—Motion to Quash.*

1. Playing and betting at cards, is not indictable, unless done in a house or on some part of the premises where spirituous liquors are retailed, or in some ordinary, tavern, or house of entertainment, or at a faro-table, or faro-bank, or at some other gaming table, used for playing games of chance.
2. A bill of indictment which does not charge that the game played was one of chance, and that it was played at a place or table where games of chance are played, will be quashed.

INDICTMENT for playing and betting at cards, heard before *Graves, Judge,* on a motion to quash, at Spring Term, 1886, of CALDWELL Superior Court.

The indictment was as follows, to-wit: "The jurors for the State, upon their oath present, that Tobe Norwood, Eli Jones and Green Powell, late of the county of Caldwell, on Sunday, the 7th day of March, 1886, with force and arms, at and in the county aforesaid, unlawfully did play at a certain game of cards, and then and there unlawfully and wilfully did bet money on said game, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

On hearing the indictment, the defendants' counsel, admitting the facts to be, that on one occasion they played cards for money and bet on the game, in the woods some distance from any house or road, moved to quash the indictment.

His Honor quashed the indictment, from which judgment the Solicitor prosecuting for the State appealed.

*Attorney General,* for the State.
No counsel for the defendants.

ASHE, J. (after stating the facts). The indictment does not bring the offence charged within the prohibition of any statute in this State. It was evidently drawn under §1045 of The Code,

but fails to make out a criminal offence under that section. It fails to charge that the game played was one of chance, and that it was played at a place or table where games of chance are played. In this State, persons playing or betting at cards or games of chance, are only amenable to the criminal law, when they play or bet at a faro bank, or faro table, under §1044 of The Code; or at some other gaming table, established, used, and kept as such, at which games of chance are played, under §1045; or in some ordinary, tavern, or house of entertainment; or in a house where spirituous liquors are retailed; or in some part of the premises occupied with such house, under §1042.

The bill of indictment in this case, fails to state facts that bring the offence charged within the inhibition of either of these sections of The Code, and we are not aware of any other law that makes the playing and betting at cards a violation of the criminal law.

There is no error. Let this be certified to the Superior Court of Caldwell county, to the end that the defendants may be discharged.

No error.　　　　　　　　　　　　　　　　Affirmed.